UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JOSEPH L. PAYNE, )<br>)<br>Petitioner, )<br>)<br>vs. )<br>)<br>LARRY ROWLEY, )<br>)<br>Respondent. ) | Case No. 4:06CV581 JCH |

**MEMORANDUM AND ORDER**

This matter is before the Court on Missouri state prisoner Joseph L. Payne's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The matter is fully briefed and ready for disposition.

On March 3, 2005, Petitioner plead guilty to one count of assault in the second degree. On May 2, 2005, Petitioner was sentenced to seven years imprisonment. During Petitioner's sentencing hearing, the Missouri State Judge stated as follows:

> Based upon the request of counsel for the defendant, the Court hereby retains jurisdiction under Section 559.115, Revised Statutes of Missouri, for the purpose of ruling on probation. It is ordered that the Board of Probation and Parole of the State of Missouri shall make an investigation as to the defendant's behavior, attitude and institutional adjustment while incarcerated in the Missouri Department of Corrections and Human Resources and report the same to this Court on or before August 30, 2005, together with its recommendation with respect to this Court's granting probation....
>
> In about ninety days I'm going to get a report as to how you've done in the Department of Corrections. If I get a favorable recommendation I will consider you for probation. If you get up there and screw up, that's an indication to me you're not a person who should be placed out on probation and you won't get any probation. But if you do what you're supposed to do and the State doesn't object, I will consider you for release in 90 to 120 days,....

(Respondent's Exh. C, PP. 20, 23). Petitioner did not appeal his conviction or sentence.

On August 26, 2005, the state court held a hearing to review whether Petitioner should be granted probation. (Respondent's Exh. A, P. 4). The State objected to Petitioner's release, and the Court ultimately found it would be an abuse of discretion to release Petitioner under Mo. Rev. Stat. § 559.115.[1] (Id.). Petitioner's request for probation thus was denied. (Id.).

Petitioner did not file an appeal from the denial of his release on probation. Instead, Petitioner filed a motion for post-conviction relief pursuant to Missouri Supreme Court Rule 24.035, which was denied as untimely. Petitioner did not appeal the post-conviction motion court's ruling.

Petitioner is currently incarcerated at the Western Missouri Correctional Center in Cameron, Missouri. In the instant petition for writ of habeas corpus, Petitioner raises the following six grounds for relief:

(1) That Petitioner received ineffective assistance of counsel, in that his counsel failed to interview potential witnesses, and told Petitioner he would not defend him if Petitioner refused to plead guilty;

(2) That the state court violated his right to due process, when it failed to hold an evidentiary hearing before deciding whether to release Petitioner on probation;

(3) That the state court erred in declining to release Petitioner on probation;

---

[1] Mo. Rev. Stat. § 559.115 states in relevant part as follows:
> The court may recommend placement of an offender in a department of corrections one hundred twenty-day program....When the court recommends and receives placement of an offender in a department of corrections one hundred twenty-day program, the offender shall be released on probation if the department of corrections determines that the offender has successfully completed the program except as follows. Upon successful completion of a treatment program, the board of probation and parole shall advise the sentencing court of an offender's probationary release date thirty days prior to release. The court shall release the offender unless such release constitutes an abuse of discretion. If the court determined that there is an abuse of discretion, the court may order the execution of the offender's sentence only after conducting a hearing on the matter within ninety to one hundred twenty days of the offender's sentence.

See Mo. Rev. Stat. § 559.115(3).

(4) That Petitioner's guilty plea was involuntary, as the prosecutor, the judge, and Petitioner's counsel conspired to coerce Petitioner into pleading guilty;

(5) That Petitioner received a "false sentence," as his testimony during the change of plea proceeding was insufficient to support a charge of assault in the second degree; and

(6) That Petitioner was misled by both his attorney and the trial judge, as they falsely implied during sentencing that Petitioner would be released on probation following successful completion of the shock incarceration program.

(Doc. No. 3-1, PP. 6-14; Doc. No. 7-1, PP. 1-2). The Court will address Petitioner's claims in turn.

## DISCUSSION

### 1. Exhaustion Analysis

A petitioner must exhaust his state law remedies before the federal court can address the merits of his claims in a habeas petition. 28 U.S.C. §2254(b). The Court must first look to see whether the federal constitutional dimensions of the petitioner's claims have been fairly presented to the state court. Smittie v. Lockhart, 843 F.2d 295, 296 (8th Cir. 1988). If not, the petitioner may still meet the exhaustion requirement if there are no currently available non-futile state remedies by which he could present his claims to the state court. Id. When the petitioner's claims are deemed exhausted because he has no available state court remedy, the federal court still cannot reach the merits of the claims unless the petitioner demonstrates adequate cause to excuse his state court default and actual prejudice resulting from the default. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S.Ct. 2497, 53 L.Ed.2d 594 (1977); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.), cert. denied, 515 U.S. 1163 (1995); Stokes v. Armontrout, 893 F.2d 152, 155 (8th Cir. 1989). Every habeas ground advanced by the petitioner must survive this exhaustion analysis, or the petition must be dismissed. Rose v. Lundy, 455 U.S. 509, 102 S.Ct. 1198, 71 L.Ed.2d 379 (1982).

The Court's review of the record demonstrates that Petitioner's claims are exhausted, either because they properly were raised in the state courts, or because Petitioner has no available non-futile state remedies by which he could present his claims.

**2.     Procedural Bar**

   **A.     Grounds One Through Three**

In Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that his counsel failed to interview potential witnesses, and told Petitioner he would not defend him if Petitioner refused to plead guilty. (Doc. No. 3-1, PP. 6-8). In Ground 2 of his petition, Petitioner claims the state court violated his right to due process, when it failed to hold an evidentiary hearing before deciding whether to release Petitioner on probation. (Id., PP. 8-10). In Ground 3 of his petition, Petitioner claims the state court erred in declining to release Petitioner on probation. (Id., PP. 10-11).

A review of the record reveals that, while Petitioner raised Grounds 1 through 3 in his pro se post-conviction motion (Doc. No. 3-2, PP. 2-4), he failed to pursue the claims in an appeal of the denial of that motion.[2] A claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d 51, 53 (8th Cir.), citing Benson v. State, 611 S.W.2d 538, 541 (Mo. App. 1980), cert. denied, 513 U.S. 983 (1994). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. 722, 731-32, 111 S.Ct. 2546, 2555, 115 L.Ed.2d 640 (1991); Forest v. Delo, 52 F.3d 716, 719 (8th Cir. 1995); Keithley, 43 F.3d at 1217. This Court therefore cannot reach the merits of the claims absent a showing of cause and

---

[2] As stated above, Petitioner did not appeal the ruling of the post-conviction motion court.

prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to raise these claims on appeal of the denial of his post-conviction motion. In addition, Petitioner has failed to demonstrate that a fundamental miscarriage of justice would result if the Court were not to address the defaulted claims. Therefore, the claims raised in Grounds 1 through 3 of the instant petition are procedurally barred and must be denied.

**B.    Grounds 4 Through 6**

In Ground 4 of his petition, Petitioner claims his guilty plea was involuntary, as the prosecutor, the judge, and Petitioner's counsel conspired to coerce Petitioner into pleading guilty. (Doc. No. 3-1, PP. 12-14). In Ground 5 of his petition, Petitioner claims he received a "false sentence," as his testimony during the change of plea proceeding was insufficient to support a charge of assault in the second degree. (Doc. No. 7-1, P. 1). In Ground 6 of his petition, Petitioner claims he was misled by both his attorney and the trial judge, as they falsely implied during sentencing that Petitioner would be released on probation following successful completion of the shock incarceration program. (Id., P. 2).

A review of the record reveals that these claims were never raised in any state court proceeding. As stated above, a claim must be presented at each step of the judicial process in state court to avoid procedural default. Jolly v. Gammon, 28 F.3d at 53 (citation omitted). Because Petitioner has failed properly to raise the claims in state court proceedings, the claims are defaulted and he is procedurally barred from pursuing them here. Coleman v. Thompson, 501 U.S. at 731-32; Forest v. Delo, 52 F.3d at 719; Keithley, 43 F.3d at 1217. This Court therefore cannot reach the

merits of the claims absent a showing of cause and prejudice, or a demonstration, "that failure to consider the claims will result in a fundamental miscarriage of justice." Coleman, 501 U.S. at 750.

Petitioner has neither asserted nor shown cause for or prejudice as a result of his failure to raise these claims in any state court proceeding. In addition, Petitioner has failed to demonstrate that a fundamental miscarriage of justice would result if the Court were not to address the defaulted claims. Therefore, the claims raised in Grounds 4 through 6 of the instant petition are procedurally barred and must be denied.

### 3. Claims Addressed On The Merits[3]

#### A. Ground 1

As stated above, in Ground 1 of his petition, Petitioner claims he received ineffective assistance of counsel, in that his counsel failed to interview potential witnesses, and told Petitioner he would not defend him if Petitioner refused to plead guilty. (Doc. No. 3-1, PP. 6-8). In order to prevail on his ineffective assistance of counsel claim, Petitioner must show that his attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct. 2052, 2064, 80 L.Ed.2d 674 (1984).[4] Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Petitioner must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

---

[3] In an abundance of caution, the Court will address Petitioner's procedurally defaulted claims on the merits.

[4] The Strickland test "applies to challenges to guilty pleas based on ineffective assistance of counsel." Hill v. Lockhart, 474 U.S. 52, 58, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985).

Even if Petitioner satisfies the performance component of the analysis, he is not entitled to relief unless he can prove sufficient prejudice. Id. at 694. In the context of a guilty plea, to demonstrate prejudice Petitioner must show that, but for counsel's error, he would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. at 59. Further, after entry of a guilty plea, the effectiveness of counsel is relevant only to the extent that it affects the voluntariness of the plea. Porter v. State, 678 S.W.2d 2, 3 (Mo. App. 1984).

In the instant case, the Court finds Petitioner fails to satisfy either prong of the Strickland test. Rather, during the guilty plea proceeding Petitioner testified that no one made any promises or threats to induce his guilty plea, and that he was satisfied with his attorney. (Respondent's Exh. C, PP. 6, 10). Further, when the trial court questioned Petitioner regarding his understanding of his plea and the incident waiver of rights, Petitioner testified that he understood his rights, and was pleading guilty because he was guilty. (Id., PP. 3-7). Finally, during his sentencing proceeding Petitioner testified that he had discussed his case with his attorney, that his attorney had not refused to comply with any of his requests, and that he had no complaints or criticisms of his attorney. (Id., P. 22). The Eighth Circuit has held that, "'[s]olemn declarations in open court carry a strong presumption of verity.'" Smith v. Lockhart, 921 F.2d 154, 157 (8th Cir. 1990), quoting Blackledge v. Allison, 431 U.S. 63, 74, 97 S.Ct. 1621, 1629, 52 L.Ed.2d 136 (1977). Based on the foregoing, this Court finds that Petitioner voluntarily pled guilty, and further received effective assistance of counsel. Smith, 921 F.2d at 157. Ground 1 is denied.

**B.**     **Ground 2**

In Ground 2 of his petition, Petitioner claims the state court violated his right to due process, when it failed to hold an evidentiary hearing before deciding whether to release Petitioner on probation. (Doc. No. 3-1, PP. 8-10). The record before the Court reveals the state court did hold

a hearing regarding Petitioner's probation status, on August 26, 2005. (See Respondent's Exh. A, P. 4). Ground 2 must therefore be denied.

### C.  Ground 3

In Ground 3 of his petition, Petitioner claims the state court erred in declining to release Petitioner on probation. (Doc. No. 3-1, PP. 10-11). Specifically, Petitioner complains that although the Board of Probation and Parole recommended release, the state court followed the recommendation of the prosecutor, and denied probation based on the "nature of [Petitioner's] crime." (Id., P. 10).

As noted above, Mo. Rev. Stat. § 559.115 provides that upon successful completion of a one hundred twenty-day program, "[t]he court shall release the offender *unless such release constitutes an abuse of discretion."* Mo. Rev. Stat. § 559.115(3) (emphasis added). In denying Petitioner probation, the state court specifically found that to release Petitioner would constitute an abuse of discretion. (See Respondent's Exh. A, P. 4). Ground 3 of the instant petition must therefore be denied.

### D.  Ground 4

In Ground 4 of his petition, Petitioner claims his guilty plea was involuntary, as the prosecutor, the judge, and Petitioner's counsel conspired to coerce Petitioner into pleading guilty. (Doc. No. 3-1, PP. 12-14). Upon consideration, the Court finds Petitioner offers no competent evidence to support this claim. Rather, the Court's review of the record demonstrates the prosecutor in this case never considered probation to be an appropriate disposition of Petitioner's case. (See, e.g., Respondent's Exh. C, PP. 15, 17-18). Ground 4 is denied.

### E.  Ground 5

In Ground 5 of his petition, Petitioner claims he received a "false sentence," as his testimony during the change of plea proceeding was insufficient to support a charge of assault in the second degree. (Doc. No. 7-1, P. 1). Under Missouri law, "[a] person commits the crime of assault in the second degree if he: (1) Attempts to kill or knowingly causes or attempts to cause serious physical injury to another person under the influence of sudden passion arising out of adequate cause; or.... (3) Recklessly causes serious physical injury to another person." Mo. Rev. Stat. § 565.060(1) (2000). The Court's review of the record reveals ample evidence supporting Petitioner's conviction for second degree assault. (See Respondent's Exh. C). Ground 5 is denied.

### F.      Ground 6

In Ground 6 of his petition, Petitioner claims he was misled by both his attorney and the trial judge, as they falsely implied during sentencing that Petitioner would be released on probation following successful completion of the shock incarceration program. (Doc. No. 7-1, P. 2). Upon consideration, the Court finds Petitioner's final ground is belied by the record, as during Petitioner's sentencing, the state court judge specifically stated he would "consider" Petitioner for release, if "the State doesn't object." (See Respondent's Exh. C, P. 23). As stated above, the State did object to Petitioner's release. Ground 6 is denied.

### CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. No. 3) is **DENIED**, and his claims are **DISMISSED** with prejudice. A separate Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Petitioner cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See <u>Cox v. Norris</u>, 133 F.3d 565, 569 (8th Cir. 1997), <u>cert. denied</u>, 525 U.S. 834 (1998).

Dated this <u>26th</u> day of April, 2007.

                                        /s/ Jean C. Hamilton
                                        UNITED STATES DISTRICT JUDGE